IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00383-04 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JODI MARIE SOUTHERN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING SOUTHERN'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is pro se Petitioner Jodi Marie Southern's ("Southern") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on August 25, 2014. [Dkt. no. 163.[1]] After careful consideration of the motion, and the relevant legal authority, Southern's § 2255 Motion is HEREBY DENIED, and a certificate of appealability is also DENIED, for the reasons set forth below.

**DISCUSSION**

On May 12, 2014, Southern filed a form motion titled, "Motion for Reconsideration, Pursuant to 18 USC §3742(e), Post-Sentencing Rehabilitation Programming" ("§ 3742(e) Motion").

---

[1] The § 2255 Motion is filed both in <u>United States v. Southern</u>, CR 11-00383 LEK, and <u>Southern v. United States</u>, CV 14-00392 LEK-RLP. All citations related to the § 2255 Motion refer to the filings in CR 11-00383.

[Dkt. no. 155.] On May 21, 2014, this Court denied the § 3742(e) Motion, finding that Southern had no basis for relief and that the Court lacked jurisdiction under that subsection. [Dkt. no. 159.] The Court suggested, that if Southern was seeking relief from this Court, she might "consider filing either a § 2255 motion or a [28 U.S.C.] § 2241 petition." [Id. at 3.] Southern has now brought the present motion under § 2255, and she includes written descriptions of, in essence, how the conditions of her incarceration are purportedly harming her, and the relief she hopes to obtain. [§ 2255 Motion at 4-5, 7, 12, 18-19.[2]]

It appears from these descriptions that Southern challenges the conditions of her incarceration and requests that the Court to shorten her sentence or provide home release because of her health; she does not, however, challenge her conviction or sentence. She writes, "I am not asking for any other reason then to have some relief off of my sentence. I am not challenging the judgment or sentence." [§ 2255 Motion at 12.] Further on, she explains, "I am seeking relief so that I may get better health care . . . ." [Id.] 28 U.S.C. § 2255 does not offer this type of relief, and this Court has no jurisdiction to provide it.

---

[2] The citations to page numbers in the § 2255 Motion, which includes multiple documents that are not consecutively paginated, refer to the Electronic Case Filing page numbers.

> 28 U.S.C. § 2255 provides:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"[Section] 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the **legality of detention**." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) (emphasis added) (citation and internal quotation marks omitted). This means that a prisoner may only bring a motion under § 2255 where she believes that she was wrongly convicted or sentenced.[3]

On the other hand, "'petitions that challenge the manner, location, or **conditions of a sentence's execution** must be brought pursuant to § 2241 in the custodial court.'" Hermosillo-Enriquez v. Sanders, 413 F. App'x 994, 996 (9th Cir. 2011) (emphasis added) (quoting Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)). "[Section] 2241 petitions must be

---

[3] A court may deny a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b) Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977).

3

filed in the district where the petitioner is confined, while § 2255 motions must be filed in the district where the petitioner was sentenced." Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) (citation omitted).

As described above, Southern appears to be challenging the conditions of her confinement. See also, e.g., § 2255 Motion at 4 (she is "having medical issues" (Ground One)), 5 (she needs "some consideration about [her] mental stability" (Ground Two)), 7 (she "need[s] some medical attention Prison isn't providing" (Ground Three)). Thus, § 2255 cannot provide her relief since it only allows this Court to consider the grounds for her conviction or sentence. See Washington, 653 F.3d at 1059.[4]

Although the Court acknowledges that "[p]ro se complaints and motions from prisoners are to be liberally construed," United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2001), even if it did construe the motion as a petition under § 2241, it would not have jurisdiction over such a petition. It is true that this Court took Southern's change of plea on December 29, 2011, [dkt. no. 98 (Minutes),] and sentenced her on May 2, 2012 [dkt. no. 141 (Minutes)]. Thus, this Court is the "sentencing court" for purposes of relief. But Southern writes

---

[4] Moreover, even if the Court could construe this as a proper motion under § 2255, it would be time-barred since it was brought well over a year after final judgment, which was entered on May 3, 2012 [dkt. no. 142]. See 28 U.S.C. § 2255(f).

4

that she is confined at the Federal Correctional Institution in Tallahassee, Florida. [Id. at 1.] Therefore, the United States District Court for the Northern District of Florida is the one with jurisdiction over a § 2241 petition. This means that, if the Court construed the § 2255 Motion as a § 2241 petition, this Court would not have jurisdiction over it. See, e.g., Thomas v. United States, 50 F.3d 16 (9th Cir. 1995) ("only the sentencing court has jurisdiction to consider challenges to a prisoner's conviction or sentence, whereas only the district court where the prisoner is confined has jurisdiction to consider challenges to the manner of execution of his sentence" (citations omitted)).

The Court thus DENIES Southern's § 2255 Motion. Further, since she has made no "substantial showing of the denial of a constitutional right," this Court DENIES a certificate of appealability. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

On the basis of the foregoing, Southern's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed August 25, 2014, is HEREBY DENIED. This Court directs the Clerk's Office to send Southern a copy of the form for a 28 U.S.C. § 2241 petition with this order. If she chooses to pursue her request made in the § 2255 Motion, she should have her **§ 2241 petition** filed in the United States District Court for the **Northern District of Florida**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 15, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. JODI MARIE SOUTHERN; CR. NO. 11-00383-04 LEK; ORDER DENYING SOUTHERN'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**